IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **ERIKA BEADLE,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    No. <u>07-2719 B/P</u> |
| | ) |
| **MEMPHIS CITY SCHOOLS and NEW** | ) |
| **LEADERS, INC. d/b/a NEW LEADERS** | ) |
| **FOR NEW SCHOOLS,** | ) |
| | ) |
|     **Defendants.** | |

_____

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY**
_____

Before the court by order of reference is defendants Memphis City Schools ("MCS") and New Leaders, Inc.'s Joint Motion for Protective Order Staying Discovery, filed February 13, 2008. (D.E. 27). Plaintiff Erika Beadle filed her response in opposition to the motion on February 25, 2008. On April 17, 2008, the court held a telephonic hearing. Counsel for all parties were heard on the motion. At the conclusion of the hearing, the court GRANTED the motion to stay as follows:

Rule 26(c) provides in pertinent part that

> upon motion by a party or by the person from who discovery is sought, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from . . . undue burden or expense, including . . . that the discovery may be had only on specified terms and conditions, including a designation of the time or place.

Fed. R. Civ. P. 26(c).

Here, the court finds good cause to stay all discovery. New Leaders has filed a motion to dismiss under Rule 12(b)(6) which, if granted, would dispose of the entire case. See <u>Nichols v. Baptist Memorial Hosp. Inc.</u>, No. 02-2561, 2004 WL 2905406, at *2 (W.D. Tenn. April 2, 2004); see also <u>Caretolive v. Von Eschenbach</u>, No. 07-729, 2007 WL 3232454, at *1-2 (S.D. Ohio Nov. 1, 2007). In her opposition brief and at the April 17 hearing, Beadle could not identify any specific discovery that she needed in order to fully respond to New Leaders' motion to dismiss. Although co-defendant MCS has not filed a motion to dismiss, at the April 17 hearing Beadle and MCS informed the court that they have reached an agreement in principle to settle the case and are awaiting final approval of the settlement agreement from MCS's General Counsel. Moreover, a stay of discovery would prevent New Leaders – a not-for-profit organization represented by counsel *pro bono* – from incurring substantial litigation expenses prematurely and, if the motion to dismiss is granted, unnecessarily. Finally, the court finds that a stay would not prejudice Beadle, and her generalized concerns regarding fading memories of witnesses do not outweigh the benefits of a stay and potential prejudice to the defendants.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 17, 2008
---

Date